IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:12-CR-24-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| PHYLLIS STALLINGS HARRELL and | ) | |
| PAUL LYNN TRUEBLOOD, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the defendants' request for notice of intent to use Rule 404(b) evidence [DE 33]; and motion to sequester government witnesses [DE 35]. For the reasons stated herein, the defendants' motion for notice of the government's intent to use 404(b) evidence is DENIED and the defendants' motion to sequester government witnesses is GRANTED.

## DISCUSSION

I.   DEFENDANT'S MOTION FOR NOTICE OF INTENT TO USE RULE 404(B) EVIDENCE IS DENIED.

The Court DENIES defendants' motion for notice of intent to use Rule 404(b) evidence. The government is already obligated to notify the defendant should it intend to use evidence of the defendants' prior bad acts under Rule 404(b). *See* Fed. R. Evid. 404(b)("Evidence of other crimes, wrongs, or acts . . . [may be admissible] provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial

1

if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial."). Defendants' request for Rule 404(b) evidence is duly noted, but defendants' motion gives no indication that the government has failed to meet its obligations under the rule. Further, the defendants conceded that this motion is to "preserve the record." As such, a court order is unnecessary at this time and the motion is DENIED.

II.     DEFENDANTS' MOTION TO SEQUESTER WITNESSES IS GRANTED.

The Court GRANTS the defendants' motion to sequester witnesses. Rule 615 of the Federal Rules of Evidence mandates that the Court shall exclude witnesses so that they cannot hear testimony of other witnesses. Excepted from this rule are parties themselves, designated representatives of corporations, a person who presence is shown by a party to be essential to the presentation of the case, or those authorized by statute to be present. *See* Fed. R. Evid. 615. A government investigative agent may be exempted under the rule. *United States v. Parodi*, 703 F.2d 768, 773 (4th Cir. 1983). Under exception 615(b) only one designated representative is permitted. *See United States v. Farnham*, 791 F.2d 331, 334-35 (4th Cir. 1986). The only exception to this limit is when a party makes a showing that additional representatives are essential to the presentation of the case and, therefore, fit under exception 615(c). The government has not made a showing that more than one case agent is essential to the presentation of its case. Accordingly, defendants' motion to sequester is granted and witnesses, except one designated government representative, are admonished that they shall not discuss the case with anyone except counsel for either side. *See United States v. Rhynes*, 218 F.3d 310, 317 (4th Cir. 2000).

## CONCLUSION

For the foregoing reasons, the defendants' motion requesting notice of the government's intent to use Rule 404(b) evidence is DENIED, the defendants' motion to sequester witnesses is granted.

SO ORDERED.
This the ___ day of June, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE